STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-01

JOSEPH H. RODRIGUE,

      Plaintiff/Appellee

v.

CRYSTAL DUTTON,

      Defendant/Appellant

DONALD L. GARBRECHT
LAW LIBRARY

SEP 4 2003

**DECISION ON APPEAL**

This matter comes before the court on appeal from a default small claims judgment entered against her in the District Court. Because the District Court failed to consider appellant Dutton's preliminary motion to dismiss the original complaint prior to the default, the appeal will be granted.

## Procedural History

On December 21, 2001, Mr. Rodrigue filed a statement of claim for a small claim against Ms. Dutton. According to the statement, the claim arose out of an automobile accident between a vehicle operated by Mr. Rodrigue and a vehicle owned by Ms. Dutton. Although Ms. Dutton owned the vehicle, the driver was Ms. Dutton's daughter's boyfriend.

On December 31, 2001, the attorney for Ms. Dutton filed a motion to dismiss the small claim on the basis that the claim does not allege any legal theory for recovery. For some reason, this motion was never decided. The case was scheduled for hearing on January 29, 2002, but then was continued to April 9. On April 8, 2002, counsel for the defendant filed a motion to continue the hearing scheduled for the next day, stating that counsel had been called to trial in the Kennebec County Superior Court. However, Mr. Rodrigue appeared the next day and, as a result of his objection, the motion to continue

was denied and judgment in the amount of $911.21 and cost of $40 was granted to Mr. Rodrigue by default. Neither Ms. Dutton nor her attorney appeared. Ms. Dutton filed a motion to reconsider the judgment for the plaintiff.

On May 8, 2002, Ms. Dutton filed a Notice of Appeal of the default judgment to the Superior Court. Two days later on May 10, 2002, the District Court Judge denied Ms. Dutton's motion to reconsider the default judgment and also denied the December 26, 2001 motion to dismiss the claim, but with no comment on the legal contentions contained in that motion.

### Discussion

The guiding provisions of the Rules of Small Claims Procedure applicable in the present case are set forth in Rule 8(b) as follows:

> (b)     Judgment Upon Failure to Appear or Prosecute. If the plaintiff fails to appear at the hearing or take other steps required by these rules prior to hearing, the court may order entry of a judgment of dismissal with or without prejudice. If the defendant fails to appear at the hearing, the court may order entry of judgment by default for the relief claimed by the plaintiff in the statement of claim. <u>In either case, the court shall review the claim prior to ordering entry of judgment.</u> (Emphasis provided).

The underlined provision -- that the judge must review the claim before entry of judgment -- recognizes the fact that many small claims brought by pro se litigants have no legal basis. The record is unclear as to whether the District Court Judge in the present case reviewed the claim prior to entering the default judgment as required, nor would such indication be expected in most default cases. In most run-of-the-mill small claim defaults, the Judge's signature awarding judgment would be considered as sufficient representation that the claim had been reviewed. However, in the present case the pending nature of Ms. Dutton's motion to dismiss and the court's failure to act on that motion at the time that the default judgment was entered, lead to the logical conclusion that the court did not review the claim as required by the rule. The

subsequent denial of the motion to dismiss was after the fact and apparently made on the basis of a failure to prosecute the motion, rather than on its merits.

The District Court's failure to review the claim prior to entry of the default judgment was an error. The legal basis for Ms. Dutton's motion to dismiss is worthy of consideration and could have led to a dismissal if had been considered. Therefore, the error cannot be considered harmless error. This matter must be remanded for consideration of the merits of the claim and the motion to dismiss.

The entry will be:

The appellant's appeal is GRANTED and the default judgment of April 9, 2002, is VACATED. REMANDED for further proceedings consistent with this decision.

Dated: 8/4/03

_____
S. Kirk Studstrup
Justice, Superior Court

3

Date Filed ___ 01/10/03 ___ <u>Kennebec</u> ___ Docket No. __AP03-01_____
County

Action __Appeal from AUGDC ___ (Small Claims)__

Joseph Rodrigue (Pro se)
~~XXXXXXXXXXXXXXXXXXXXXXXXX~~ (20 Leavitt Rd.)
Augusta ME 04330          4/15/03

Crystal Dutton **Lt.STUDSTRUP**
51 Gleed Drive
Brunswick, ME 04011

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| | William J. Kelleher, Esq.<br>7 East Crescent St.<br>Augusta ME 04330 |

| Date of Entry | |
|---|---|
| 1/10/03 | Entire case file received from Augusta District Court along with attested copy of docket entries.<br>A hearing on a Rule 11 issue is pending. See order dated 5/10/02 by Judge Stitham and letters between Chief Judge Vafiades and Attorney Lyons. |
| 2/10/03 | Notice of briefing schedule mailed to Pltf. and atty. |
| 3/7/03 | Brief of Appellant, Crystal Dutton, filed. s/Kelleher, esq. |
| 4/15/03 | Letter indicating the deadline of 4/7/03 for Joseph Rodrique to respond to the Brief of Appellant Crystal Dutton has passed and that this matter be put before Justice Studstrup, filed. s/Wm. Kelleher, Esq. (filed 4/14/03)<br><br>Notice of setting for __5/29/03__<br><br>sent to attorneys of record. |
| 4/16/03 | 2nd Notice of briefing schedule mailed to Pltf. and atty at request of Justice Studstrup. |
| 4/28/03 | ORDER (on letter), Studstrup, J.<br>Leave argument on the schedule for 5/29/03.<br>Copies mailed to atty and Pltf. |
| 5/12/03 | Brief of Joseph Rodrigue, filed. s/J. Rodrigue. (filed 5/9/03) |
| 5/29/03 | Hearing had on oral arguments, Studstrup, J. (no courtroom clerk)<br>Case taken **under advisement.** |
| 6/6/03 | Motion to Dismiss, filed. s/Lyons, Esq.<br>Proposed Order, filed.<br>Affidavit of Joan Wicks, filed. s/Joan Wicks |
| 8/5/03 | DECISION ON APPEAL, Studstrup, J.<br>    The appellant's appeal is GRANTED and the default judgment of April 9, 2002, is VACATED. REMANDED for further proceedings consistent with this decision.<br>Copies mailed to atty and Pltf. |